UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Pablo and Catherine Cafagna, <br><br> Plaintiffs, <br> v. <br><br> Dynamic Recovery Services, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> COMPLAINT <br><br> August 8, 2012 |

For this Complaint, the Plaintiffs, Pablo and Catherine Cafagna, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Pablo Cafagna (hereafter "Pablo") and Catherine Cafagna (hereafter "Catherine," and together with Pablo, "Plaintiffs"), are adult individuals residing in Stamford, Connecticut, and are each a "consumer" as the

term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Dynamic Recovery Services, Inc. ("Dynamic"), is a Texas business entity with an address of 4101 McEwen Rd. Suite 150, Farmers Branch, Texas 75244, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Dynamic and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Dynamic at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $6,852.24 (the "Debt") to Wells Fargo (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Dynamic for collection, or Dynamic was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Dynamic Engages in Harassment and Abusive Tactics</u>

12. On August 3, 2012, Dynamic called Pablo at his place of employment in an attempt to collect the Debt.

13. Dynamic's representative failed to disclose that the call was placed by Dynamic and instead stated that he was calling "on behalf of Wells Fargo".

14. Dynamic threatened to garnish Pablo's wages if he failed to "resolve" the Debt within 24 hours.

15. Dynamic's threat overshadowed and contradicted Plaintiffs' right to dispute the Debt.

16. Furthermore, Dynamic contacted Plaintiffs after having been informed that Plaintiffs had retained services of an attorney.

17. In fact, on August 6, 2012, Dynamic left a voice message on Pablo's work telephone stating that the call concerned Pablo's "personal matter" and instructing him to contact Dynamic.

18. Catherine Cafagna, Pablo's spouse, returned Dynamic's call and requested that Dynamic contact Plaintiffs' attorney.

19. In his response, Dynamic's representative falsely stated that Plaintiffs' attorney would not represent Plaintiffs in "this matter".

20. Furthermore, Dynamic asked Catherine why she was working with Lemberg &Associates, LLC if, in the end, she would be responsible for the attorney fees.

21. Dynamic concluded the conversation with Catherine by telling her to go to sleep, get a cup of coffee, say a prayer and call Dynamic back within 24

hours to close [the Debt].

### C. Plaintiffs Suffered Actual Damages

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiffs after having knowledge that the Plaintiffs was represented by an attorney.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that

Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with garnishment if the Debt was not paid.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

32. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants' demand for immediate payment of the Debt overshadowed Plaintiffs' right to dispute the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants' demand of immediate payment overshadowed Plaintiffs' right to dispute the Debt.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

38. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

39. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: August 8, 2012**

        **Respectfully submitted,**

        **By   /s/ Sergei Lemberg**

        **Sergei Lemberg, Esq.**
        **LEMBERG & ASSOCIATES L.L.C.**
        **1100 Summer Street, 3rd Floor**
        **Stamford, CT 06905**
        **Telephone: (203) 653-2250**
        **Facsimile:   (203) 653-3424**
        **Attorney for Plaintiffs**